UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:15-cr-45-Orl-41KRS

DOUGLAS SCHEELS

### MEMORANDUM IN OPPOSITION TO SCHEELS'S OBJECTION TO PSR

COMES NOW, the United States, by United States Attorney A. Lee Bentley, III, and responds to the defendant's objection to the Sadistic and Masochistic Enhancement pursuant to United States Sentencing Guideline ("USSG") 2G2.1(b)(4).  The United States is filing this response as soon as possible in light of the filing dates of the Final Presentence Investigative Report ("PSR") (Doc. 59) on November 9, 2015, and SCHEELS's Sentencing Memorandum (Doc. 61) on November 9, 2015.  For the reasons that follow, this objection should be overruled.

First, SCHEELS admitted to facts underlying this enhancement in the plea agreement.  Doc. 39 at 23.  Additionally, and most importantly, SCHEELS admitted that this guideline enhancement applied in the plea agreement, which was fully negotiated and voluntarily entered into by SCHEELS.  Doc. 39 at 32 ("The parties agree that the below sentencing guidelines, albeit not necessarily a comprehensive list, are supported by the facts in this case . . . Sadistic or Masochistic Conduct   2G2.1(b)(4)   +4").  This agreement, alone, forecloses SCHEELS's current argument.  To the extent the Court intends on entertaining

this argument, the United States respectfully requests the Court inquire of SCHEELS as to whether he personally believes the material he helped create constitutes sadistic and/or masochistic material.  This inquiry is necessary to determine whether SCHEELS has truly accepted responsibility for his crimes, as his position is now contrary to the agreements and admissions contained in his plea agreement.  As SCHEELS has entered a guilty plea to these charges, he has no constitutional right to refuse answering questions on the matter.  This inquiry will also give the Court insight into other factors governing an appropriate sentence in this case.

Second, in order to meet this challenge, the United States must present evidence that "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence."  USSG 2G2.1(b)(4).  The Eleventh Circuit has defined sadism to include "the infliction of pain upon a love object as a means of obtaining sexual release," "delight in physical or mental cruelty," and the use of "excessive cruelty."  United States v. Hall, 312 F.3d 1250, 1261 n. 13 (11th Cir. 2002).  Masochism is similar to sadism, except that the suffering is enjoyed by the person ultimately causing its infliction.  See Merriam-Webster Dictionary (November 11, 2015), http://www.merriam-webster.com/dictionary/masochism ("a sexual perversion characterized by pleasure in being subjected to pain or humiliation especially by a love object; pleasure in being abused or dominated – a taste for suffering").  SCHEELS's legal arguments, set forth in his objections to the PSR (Doc. 59 at 22-23), are

inapposite as they merely attack examples of sadistic and masochistic conduct scored in other cases.  By no means, is the Eleventh Circuit, or other circuits, establishing the exhaustive universe of all sadistic and masochistic conduct through the examples cited in those cases.  To the contrary, the scope of this type of conduct is limited only by the perversion of people like SCHEELS, as made evident in this case.  As a result, SCHEELS's argument is without merit. The United States will meet its evidentiary burden initially through SCHEELS's sworn testimony from the plea hearing and the plea agreement (Doc. 23). Secondly, the United States will present images, both under seal pursuant to 18 U.S.C. § 3509 (to avoid identifying "minor victim 1") and in the public record, as exhibits at the sentencing hearing.

For the reasons stated, and based on the agreement of SCHEELS and facts set forth in the plea agreement as well as facts to be presented at the upcoming sentencing hearing, the United States respectfully requests that SCHEELS's instant objection be overruled.

Dated: November 11, 2015

                                                    Respectfully submitted,

                                                   A. LEE BENTLEY, III
                                                   United States Attorney


By:    *s/ J. Bishop Ravenel*
        J. Bishop Ravenel
        Assistant United States Attorney
        USA Number 107
        400 West Washington Street, Suite 300
        Orlando, Florida  32801
        Telephone:  (407) 648-7500
        Facsimile:  (407) 648-7643
        E-mail:  bishop.ravenel@usdoj.gov

U.S. v. Douglas Scheels                                    Case No. 6:15-cr-45-Orl-41KRS

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    James T. Skuthan

    *s/ J. Bishop Ravenel*
    J. Bishop Ravenel
    Assistant United States Attorney
    USA Number 107
    400 West Washington Street, Suite 300
    Orlando, Florida  32801
    Telephone:  (407) 648-7500
    Facsimile:  (407) 648-7643
    E-mail:  bishop.ravenel@usdoj.gov